# Exhibit B
# Class Action Complaint

Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham Lambert, SBN 303056
(gl@haffnerlawyers.com)
HAFFNER LAW PC
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others
similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 0 6 2017

BY Regina Chaney
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

CARLOS MORENO, an individual; on behalf of himself and all others similarly situated,

Plaintiffs,

v.

JCT LOGISTICS, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No. CIVDS1712772

CLASS ACTION COMPLAINT FOR:

(1) FAILURE TO PROVIDE MEAL PERIODS;
(2) FAILURE TO PROVIDE REST BREAKS;
(3) FAILURE TO PAY MINIMUM WAGES;
(4) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;
(5) FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD;
(6) FAILURE TO REIMBURSE BUSINESS EXPENSES; AND
(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200 et seq.

DEMAND FOR JURY TRIAL

- 1 -
CLASS ACTION COMPLAINT

1    Plaintiff Carlos Moreno ("Plaintiff"), by and through his undersigned attorneys,

2  for this Class Action Complaint against Defendant JCT Logistics, Inc., and Does 1

3  through 10 (hereinafter "Defendants"), respectfully alleges the following:

4  ## NATURE OF THE ACTION

5    1.    This is a class action for wage and labor violations arising out of, among

6  other things, Defendants' misclassification of its truck drivers as independent contractors

7  and other labor violations, including but not limited to, failure to pay wages, failure to

8  provide meal and rest breaks, failure to reimburse business expenses, and other labor code

9  violations and unfair business practices.

10    2.    Plaintiff seeks to represent the following Class:

11        All current or former drivers for Defendants, who were

12        California residents and were classified as "independent

13        contractors," at any time beginning four (4) years prior to the

14        filing of the Complaint through the date notice is mailed to the

15        Class (the "Class period").

16  ## JURISDICTION AND VENUE

17    3.    This Court has jurisdiction over the entire action by virtue of the fact that

18  this is a civil action wherein the matter in controversy, exclusive of interest and costs,

19  exceeds the jurisdictional minimum of the Court. The acts and omissions complained of

20  in this action took place in the State of California, or at least one Defendant resides in the

21  state of California. Venue is proper because this is a class action, the acts and/or

22  omissions complained of took place, in whole or in part within the venue of this Court,

23  and/or one or more Defendant resides within the venue of this court.

24  ## PARTIES

25    4.    Plaintiff Carlos Moreno, was, at all relevant times, a citizen of the State of

26  California. Mr. Moreno was employed by Defendants as a driver during the liability

27  period as alleged herein.

28    5.    Defendant JCT Logistics, Inc. is a California company, located at 6420

CLASS ACTION COMPLAINT

1   Sheffield Street, Chino, CA 91710, and is licensed to do, and is doing, business in the

2   State of California.

3         6.    Plaintiff is currently ignorant of the true names and capacities, whether

4   individual, corporate, associate, or otherwise, of the defendants sued herein under the

5   fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such

6   fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names

7   and capacities of said fictitiously named defendants when their true names and capacities

8   have been ascertained. Plaintiff is informed and believe and thereon alleges that each of

9   the fictitiously named defendants is legally responsible in some manner for the events and

10   occurrences alleged herein, and for the damages suffered by the Class.

11         7.    Plaintiff is informed and believes and thereon alleges that all defendants,

12   including the fictitious Doe defendants, were at all relevant times acting as actual agents,

13   conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or

14   employees of all other defendants, and that all acts alleged herein occurred within the

15   course and scope of said agency, employment, partnership, and joint venture, conspiracy

16   or enterprise, and with the express and/or implied permission, knowledge, consent

17   authorization and ratification of their co-defendants; however, each of these allegations

18   are deemed "alternative" theories whenever not doing so would result in a contradiction

19   with other allegations.

20                       FACTS COMMON TO ALL CAUSES OF ACTION

21         8.    Defendants provides various trucking services throughout California and the

22   United States, including refrigerated trucking services.

23         9.    At all times during the liability period, Defendants employed Plaintiff and

24   Class members as drivers in providing Defendant's services, but misclassified them as

25   independent contractors in violation of, among other statutes, California Labor Code §

26   226.8.

27        10.    Defendants set Plaintiff and class members' compensation, and paid them

28   on a piece-rate basis for individual jobs. At all times during the liability period,

1   Defendants had the power to control wages, hours, and/or working conditions of Plaintiff
2   and Class members.
3         11.   At all times during the liability period, Defendants employed Plaintiff and
4   the Class, but Plaintiff and the Class were not paid wages and/or charged and not
5   reimbursed for business expenses in violation of California Labor Code sections 201, 202,
6   203, 226.7, 512, 2802 and subsections 11, and 12 of the applicable Industrial Welfare
7   Commission Orders.
8         12.   At all times during the liability period, Plaintiff and the Class members were
9   assigned to and required to work for periods lasting in excess of five (5) hours and were
10  not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break.
11  Moreover, Plaintiff and the Class members often worked and in excess of ten (10) hours
12  without a second thirty (30) minute meal break.  Plaintiff's pay plan incentivized
13  completing the job in minimal time, without taking duty free meal breaks.  Plaintiff and
14  class members generally had lunch while on duty, usually during waiting time in their
15  truck.
16        13.   At all times during the liability period, Plaintiff and Class members were
17  assigned to and required to work shifts lasting over four (4) hours, but were not separately
18  compensated for a ten (10) minute, uninterrupted rest break during each such shift or four
19  (4) hour work period.
20        14.   At all times during the liability period, Defendants failed to provide,
21  authorize and/or pay for rest breaks during the Class period. Because of scheduling and
22  the pay schedule, and the lack of any policies, Plaintiff and members of the Class were
23  routinely required to work through rest periods.
24        15.   At all times during the liability period, Defendants failed to pay Class
25  members for all hours worked.  Defendant failed to compensate Plaintiff and Class
26  members for non-driving time, including but not limited to, pre and post trip inspections,
27  waiting time, and other on duty time.
28        16.   At all times during the liability period, Defendant failed to reimburse

- 4 -

1    Plaintiff and Class members for the business expenses they incurred performing job duties

2    for Defendants.

3         17.    Defendants have engaged in a pattern and practice of misclassifying their

4    employees as independent contractors to avoid the taxes, insurance and other costs that

5    accompany employees. Plaintiffs are informed and believes there are other current and

6    former aggrieved employees who suffered similar violations. Plaintiffs brings this action

7    on behalf of other current and former aggrieved employees.

8         18.    Defendants' conduct, as alleged herein, has caused Plaintiff and Class

9    members damages including, but not limited to, loss of wages and compensation.

10   Defendants are liable to Plaintiff and the Class for failing to pay minimum wages, failing

11   to pay all wages owed each pay period, failure to provide timely and accurate wage

12   statements, failure to pay all wages owed upon termination, and unfair competition.

13        19.    Plaintiff is a member of and seeks to be the representative for the Class of

14   similarly situated employees who all have been exposed to, have suffered, and/or were

15   permitted to work under, Defendants' unlawful employment practices as alleged herein.

16              CLASS DEFINITIONS AND CLASS ALLEGATIONS

17        20.    Plaintiff brings this action on behalf of himself, and on behalf of all others

18   similarly situated, and as a member of the Class defined as follows:

19              All current or former drivers for Defendants, who were

20              California residents and were classified as "independent

21              contractors," at any time beginning four (4) years prior to the

22              filing of the Complaint through the date notice is mailed to the

23              Class (the "Class period").

24        21.    Plaintiff reserves the right to amend or otherwise alter the Class definition

25   presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in

26   response to facts learned through discovery, legal arguments advanced by Defendant or

27   otherwise.

28        22.    This action has been brought and may be properly maintained as a class

1  action pursuant to the provisions of California's class action statute, and other applicable

2  law.

3      23.  <u>Numerosity of the Class:</u>  Members of the Class are so numerous that their

4  individual joinder is impracticable.  The precise number of Class members and their

5  addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class

6  members may be notified of the pendency of this action by mail, electronic mail, the

7  Internet, or published notice.

8      24.  <u>Existence of Predominance of Common Questions of Fact and Law:</u>

9  Common questions of law and fact exist as to all members of the Class. These questions

10  predominate over any questions affecting only individual Class members. These common

11  legal and factual questions include:

12      a.  Whether Plaintiff and each member of the Class were misclassified as

13         independent contractors;

14      b.  Whether Plaintiff and each member of the Class were not paid minimum wage

15         for each hour worked or part thereof during which they were required to

16         perform acts at the direction and for the benefit of Defendant;

17      c.  Whether Defendants failed to pay Plaintiff and the members of the Class who

18         worked as drivers in California for the total hours worked during the Class

19         period;

20      d.  Whether Defendants failed to provide timely, off-duty thirty (30) minute meal

21         periods to Plaintiff and members of the Class who worked as drivers in

22         California during the Class period;

23      e.  Whether Defendants failed to provide for and/or properly compensate Plaintiff

24         and the members of the Class for rest breaks as required by California law;

25      f.  Whether Defendant maintained accurate time records of off-duty thirty (30)

26         minute meal breaks taken by Plaintiff and members of the Class during the

27         Class period;

28      g.  Whether Defendant violated Labor Code § 226(a) by issuing inaccurate

itemized wage statements to Plaintiff and members of the Class;

h.  Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and Class members for business expenses they incurred.

i.  Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

j.  The nature and extent of class-wide injury and the measure of damages for the injury.

25.  **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver of Defendants, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendants during the liability period.  Plaintiff and the members of the sub classes they represent sustained the same types of damages and losses.

26.  **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

27.  **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not.  Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of

1   the case. By contrast, the class action device presents far fewer management difficulties,

2   and provides the benefits of single adjudication, economy of scale, and comprehensive

3   supervision by a single court.

4       28.   The Class should also be certified because:

5       a. The prosecution of separate actions by individual members of the Class

6   would create a risk of inconsistent or varying adjudications with respect to individual

7   Class members which would establish incompatible standards of conduct for Defendants;

8       b. The prosecution of separate actions by individual members of the Class

9   would create a risk of adjudication with respect to them, which would, as a practical

10   matter, be dispositive of the interests of the other Class members not parties to the

11   adjudications, or substantially impair or impede their ability to protect their interests; and

12       c. Defendants have acted or refused to act on grounds generally applicable to

13   the Class, and/or the general public, thereby making appropriate final and injunctive relief

14   with respect to the Classes as a whole.

15

16 

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 9-2001, § 11)
(Against All Defendants

17

18       29.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

19   forth herein.

20       30.   California Labor Code § 226.7(a) provides, "No employer shall require any

21   employee to work during any meal or rest period mandated by an applicable order of the

22   Industrial Welfare Commission."

23       31.   IWC Order No. 9-2001(11)(A) provides, in relevant part: "No employer

24   shall employ any person for a work period of more than five (5) hours without a meal

25   period of not less than 30 minutes, except that when a work period of not more than six

26   (6) hours will complete the day's work the meal period may be waived by mutual consent

27   of the employer and the employee."

28

- 8 -

CLASS ACTION COMLAINT

32.     Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

33.     As alleged herein, Defendants failed to authorize and permit uninterrupted meal breaks during the Class period. Plaintiff and members of the Class were routinely required to work without an uninterrupted meal break at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

34.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant have violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 9-2001, and is liable to Plaintiff and the Class.

35.     As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its drivers with timely statutory off-duty meal periods.

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 9-2001, § 12)
(Against All Defendants)

36.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

37.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

38.     IWC Order No.9-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

39.     IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

40.     As alleged herein, Defendant failed to separately compensate Plaintiff and Class members for rest breaks, in violation of California law.

41.     Defendants failed to provide or authorize rest breaks during the Class period. Plaintiff and members of the Class were routinely required to work through rest periods at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

42.     By their actions, Defendants violated § 12 of IWC Wage Order No. 9-2001

- 10 -

1   and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

2       43.   Defendants' unlawful conduct alleged herein occurred in the course of

3   employment of Plaintiff and all others similarly situated and such conduct has continued

4   through the filing of this complaint.

5       44.   As a direct and proximate result of Defendants' unlawful action, Plaintiff

6   and the Class have been deprived of timely rest periods and/or were not paid for rest

7   periods taking during the Class period, and are entitled to recovery under Labor Code  §

8   226.7(b) in the amount of one additional hour of pay at the employee's regular rate of

9   compensation for each work period during each day in which Defendants failed to

10  provide employees with timely and/or paid rest periods.

**THIRD CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 9-2001, §4)
(Against All Defendants)

11

12

13

14

15      45.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

16  forth herein.

17      46.   Labor Code § 510 provides in relevant part: "[e]ight hours of labor

18  constitutes a day's work.  Any work in excess of eight hours in one work day and any

19  work in excess of 40 hours in any one workweek and the first eight hours worked on the

20  seventh day of work in any one workweek shall be compensated at the rate of no less

21  than one and one-half times the regular rate of pay for an employee.  Any work in excess

22  of 12 hours in one day shall be compensated at the rate of no less than twice the regular

23  rate of pay for an employee.  In addition, any work in excess of eight hours on any

24  seventh day of a workweek shall be compensated at the rate of no less than twice the

25  regular rate of pay of an employee."

26      47.   Labor Code §1197 provides: "The minimum wage for employees fixed by

27  the commission is the minimum wage to be paid to employees, and the payment of a less

28  wage than the minimum so fixed is unlawful."

48.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

49.     Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

50.     Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

51.     Plaintiff and Class members were required to work non-driving time, for which they were not compensated, in violation of California's minimum wage laws.  This includes, but is not limited to, time for pre and post trip inspections, waiting time, and other on duty time.  Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

52.     At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

53.     For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.  Pursuant to Labor Code § 1194, Plaintiff and the Class members are also

- 12 -

1 | entitled to their attorneys' fees, costs and interest according to proof.

2 | 54.   At all times relevant during the liability period, Defendants willfully failed

3 | and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members

4 | the amounts owed.

5 | 55.   Defendants' unlawful conduct alleged herein occurred in the course of

6 | employment of Plaintiff and all other similarly situated drivers, and Defendants has done

7 | so continuously throughout the filing of this complaint.

8 | 56.   As a direct and proximate result of Defendants' violation of Labor Code §§

9 | 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and

10 | money damages entitling them to damages, injunctive relief or restitution.  Plaintiff, on

11 | behalf of themselves and on behalf of the Class, seeks damages and all other relief

12 | allowable including all wages due while working as Defendants' drivers, attorneys' fees,

13 | liquidated damages, prejudgment interest, and as to those employees no longer employed

14 | by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

15 | 57.   Plaintiff and the Class members are entitled to back pay, pre-judgment

16 | interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for

17 | Plaintiff and the Class of members no longer employed, waiting time penalties pursuant

18 | to Labor Code § 1194.

## FOURTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
(Violation of Labor Code §§ 226 and 226.3)
(Against All Defendants)

23 | 58.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

24 | forth herein.

25 | 59.   California Labor Code § 226(a) provides: "Every employer shall,

26 | semimonthly or at the time of each payment of wages, furnish each of his or her

27 | employees, either as a detachable part of the check, draft, or voucher paying the

28 | employee's wages, or separately when wages are paid by personal check or cash, an

- 13 -

CLASS ACTION COMLAINT

1   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
2   worked by the employee…, (3) the number of piece-rate units earned and any applicable
3   piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that
4   all deductions made on written orders of the employee may be aggregated and shown as
5   one item, (5) net wages earned, (6) the inclusive dates of the period for which the
6   employee is paid, (7) the name of the employee and his or her social security number,
7   except that by January 1, 2008, only the last four digits of his or her social security
8   number or an employee identification number other than a social security number may be
9   shown on the itemized statement, (8) the name and address of the legal entity that is the
10  employer, and (9) all applicable hourly rates in effect during the pay period and the
11  corresponding number of hours worked at each hourly rate by the employee."

12      60.     Labor Code § 226(e) provides that an employee is entitled to recover $50 for
13  the initial pay period in which a violation of § 226 occurs and $100 for each subsequent
14  pay period, as well as an award of costs and reasonable attorneys' fees, for all pay
15  periods in which the employer knowingly and intentionally failed to provide accurate
16  itemized statements to the employee causing the employee to suffer injury.

17      61.     Plaintiff is informed, believe and thereon alleges that at all times relevant,
18  Defendants knowingly and intentionally failed to furnish and continues to knowingly and
19  intentionally fail to furnish Plaintiff and each Class member with timely and accurate
20  itemized statements showing the gross wages earned by each of them, as required by
21  Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the
22  Class for unpaid minimum wages, and missed meal and rest periods, were not included in
23  gross wages earned by Plaintiff and the Class.

24      62.     Defendants' failure to provide Plaintiff and members of the Class with
25  accurate itemized wage statements during the Class period has caused Plaintiff and
26  members of the Class to incur economic damages in that they were not aware that they
27  were owed and not paid compensation for missed rest periods and on-duty meal periods,
28  for hours worked without pay, and for overtime worked without pay. In addition, as set

1    forth in Plaintiffs' third cause of action, Defendants provided inaccurate information

2    regarding hours worked, which masked their underpayment of wages to Plaintiff and the

3    Class.

4         63.    As a result of Defendants' issuance of inaccurate itemized wage statements

5    to Plaintiff and members of the Class in violation of Labor Code  § 226(a), Plaintiff and

6    the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the

7    Labor Code.

8                              FIFTH CAUSE OF ACTION
                 FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD
9                          (Violation of Labor Code § 204)
10                             (Against All Defendants)

11        64.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

12   forth herein.

13        65.    California Labor Code § 204 establishes the fundamental right of all

14   employees in the State of California to be paid wages in a timely fashion for their work.

15        66.    At all times relevant during the liability period, Defendants failed to pay

16   Plaintiff and the Class the full amount of all owed wages when due as required by

17   California Labor Code § 204.

18        67.    Defendants failed to pay Plaintiff and other similarly situated employees all

19   wages earned each pay period.  Plaintiff are informed, believe, and thereon allege, that at

20   all times relevant during the liability period, Defendants maintained a policy or practice

21   of not paying Plaintiff and other similarly situated employees: (i) minimum wages for all

22   hours worked; (ii) overtime wages for all overtime hours worked; and (iii) premium

23   wages for all missed meal and rest periods.

24        68.    As a result of Defendants' unlawful conduct, Plaintiff and members of the

25   each Class have suffered damages in an amount, subject to proof, to the extent they were

26   not paid all wages each pay period. The precise amount of unpaid wages is not presently

27   known to Plaintiff but can be determined directly from Defendants' records or indirectly

28

- 15 -

1  based on information from Defendants' records.

2  

### SIXTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
(Violation of Labor Code § 2802)
(Against All Defendants)

3

4

5   69.    Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully

6  herein.

7   70.    California Labor Code§ 2802 provides "An employer shall indemnify his or her

8  employee for all necessary expenditures or losses incurred by the employee in direct consequence

9  of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

10  even though unlawful, unless the employee, at the time of obeying the directions, believed them

11  to be unlawful."

12   71.    During the applicable statutory period, Plaintiff and the Class members incurred

13  necessary expenditures and losses in direct consequence of the discharge of their employment

14  duties and their obedience to the directions of Defendants.  These business expenses which

15  Plaintiff and class members incurred, which were not reimbursed include, but are not limited to,

16  fuel and insurance.  Defendants did not reimburse these expenditures or losses to Plaintiff and the

17  Class members.

18   72.    Defendants has failed to fully reimburse Plaintiff and the members of the Class for

19  necessary business-related expenses and losses.

20   73.    Plaintiff and the Class members are entitled to recover their unreimbursed

21  expenditures and losses pursuant to Labor Code § 2802.

22  

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200
*et seq.)*
(Against All Defendants)

23

24

25

26   74.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

27  forth herein.

28   75.    Section 17200 of the California Business and Professions Code (the "UCL")

- 16 -

CLASS ACTION COMLAINT

1    prohibits any unlawful, unfair, or fraudulent business practices.

2         76.    Through its action alleged herein, Defendants has engaged in unfair

3    competition within the meaning of the UCL. Defendants' conduct, as alleged herein,

4    constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

5         77.    Defendants' unlawful conduct under the UCL includes, but is not limited to,

6    violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes,

7    but is not limited to, failure to pay Class members wages and compensation they earned

8    through labor provided, and failing to otherwise compensate Class members, as alleged

9    herein. Defendants' fraudulent conduct includes, but is not limited to, issuing wage

10   statements containing false and/or misleading information about the time the Class

11   members worked and the amount of wages or compensation due.

12        78.    Plaintiff has standing to assert this claim because he has suffered injury in

13   fact and has lost money as a result of Defendants' conduct.

14        79.    Plaintiff and the Class seek restitutionary disgorgement from Defendants,

15   and an injunction prohibiting them from engaging in the unlawful, unfair, and/or

16   fraudulent conduct alleged herein.

17

18                                  PRAYER

19        WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and

20   also on behalf of the general public, pray for judgment against Defendants as follows:

21        A. An order that this action may proceed and be maintained as a class action;

22        B. For all unpaid minimum wages and liquidated damages due to Plaintiff and

23            each Class member on their minimum wage claim;

24        C. For one hour of wages due to Plaintiff and each Class member for each work

25            period of more than four (4) hours when they were not separately

26            compensated for and/or did not receive an uninterrupted ten (10) minute rest

27            period;

28        D. For one hour of wages due to Plaintiff and each Class member for each work

period of more than five (5) hours when they did not receive an
uninterrupted thirty (30) minute meal period;

E.  For continuation wages under Labor Code § 203;

F.  For statutory penalties under Labor Code § 226(e);

G.  An order requiring Defendants to comply with Labor Code § 226(a) with
respect to all currently employed members of the Class;

H.  For reimbursement of business expenses under Labor Code § 2802;

I.  For restitutionary disgorgement pursuant to the UCL;

J.  An order enjoining Defendants from further unfair and unlawful business
practices in violation of Business & Professions Code §§ 17200 *et seq.*;

K.  Prejudgment interest at the maximum legal rate;

L.  Reasonable attorneys' fees;

M.  Accounting of Defendants' records for the liability period;

N.  General, special and consequential damages, to the extent allowed by law;

O.  Costs of suit; and

P.  Such other relief as the Court may deem just and proper.

DATED:  July 5, 2017                          HAFFNER LAW PC

                          By:  _____
                               Joshua H. Haffner
                               Graham Lambert
                               Attorneys for Plaintiff and others
                               Similarly situated

1    DEMAND FOR JURY TRIAL

2        Plaintiff demands a trial by jury for himself and the Class members on all claims so

3    triable.

4

5    DATED:  July 5, 2017              HAFFNER LAW PC

6                            By:    _____

7                                   Joshua H. Haffner
                                    Graham Lambert
8                                   Attorneys for Plaintiff and others
                                    Similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -
CLASS ACTION COMLAINT