Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Christopher J. Eckhart (SBN 331414)
ceckhart@scopelitis.com
Angela S. Cash (*Pro Hac Vice*)
acash@scopelitis.com
Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendant,
JOHN CHRISTNER TRUCKING, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORENO, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JCT LOGISTICS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:17-cv-02489-JGB-KK<br><br>Judge: Hon. Jesus G. Bernal<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

      Defendant, John Christner Trucking, LLC (JCT), respectfully submits this Response to Plaintiff's Motion for Final Approval of Class Action Settlement (Motion) (ECF No. 105) to clarify the terms of the Settlement if the Court grants final approval.

      JCT has no objection to the Court's approval of the Class Action Settlement in this case. Although JCT denies that it misclassified Plaintiff, Carlos Moreno, or the members of the Primary Class and the Subclass, or violated the California Labor Code in any way, the Gross Settlement Amount of $1,200,000, with the Class Members' minimum 45% share of the Net Settlement Amount, is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

      However, in support of his Motion, Plaintiff Carlos Moreno states that the "Payment Per Load" is $5.30, and that the "Total Settlement Due is $842,838.54." *Plaintiff's Notice of Motion and Motion for Final Approval of Class Action Settlement* (Motion), ECF No. 105, at 3:27-4:4, and 6:4. Plaintiff later, erroneously, states that JCT "will pay a total of $893,515.77". *Id.* at 11:20. JCT agrees that the "Payment Per Load" is $5.30 and the "Total Settlement Due is $842,838.54" based upon the claims process and Class Counsel's request for $400,000 in attorneys' fees. Under that scenario, the total paid to the Class Members is $375,838.54, which is greater than the Minimum Payment to Class Members from the Net Settlement Amount of 45% ($733,000 x 45% = $329,850). *Id.* at 4:3-4:3.

      These figures, however, could vary depending upon the actual amount of attorneys' fees the Court awards Class Counsel. As Plaintiff explains in the Motion, attorney's "fees, costs and [the] incentive award[s] will be subtracted from the Gross Settlement Amount to derive the Net Settlement Amount. The Settlement Administrator will divide the Net Settlement Amount by the total Loads [a *fixed* amount of 138,185] to arrive at a payment per load that will form the basis of the settlement payments (Payment Per Load) . . . ." *Id.* at 3:27-4:3. Individual settlement payments are calculated based on the Payment Per Load and the number of loads attributed to the Class Member. Now that the claims process is over, the total number of claimed loads is 70,853, a number that also will not

1

change, or is fixed. Therefore, if the amount the Court awards in attorneys' fees is less than the $400,000 requested by Class Counsel, then the Net Settlement Amount would increase and so, too, would the Payment Per Load (Payment Per Load = Net Settlement Amount/138,185), and the total amount distributed to the 1,073 Class Members (Payment Per Load x 70,853 loads). This, too, would alter the total amount JCT will have to pay. For example, if the Court awards attorneys' fees of $300,000, the Net Settlement Amount increases to $833,000 and the Payment Per Load would be $6.03 ($833,000/138,185 loads). The total amount paid to Class Members would correspondingly increase to $426,535.06 ($6.03 Payment Per Load x 70,853 Loads), which is also greater than the Minimum Payment to Class Members from the Net Settlement Amount of 45% ($833,000 x 45% = $374,850). *Id.* at 4:3-4:3.

As Plaintiff clearly states, "A minimum of 45% of the Net Settlement Amount is non-reversionary. The non-reversionary amount is necessary because the Parties do not have knowledge of the Class Members who drove many of the Loads covered by the Settlement." *Motion*, at 4:3-6. And, because there were no objections to the Settlement and no opt-out requests, "[t]he proposed Settlement readily satisfies [the fairness] standards" of Federal Rules of Civil Procedure 23. *Id.* at 7:12-13.

In sum, JCT agrees with Plaintiff that the Court should approve the Settlement as fair and adequate regardless of the final amount JCT may owe. Because the final amount cannot be determined until the Court rules on Plaintiff's Motion for Attorneys' Fees and Litigation Expenses (ECF 106), JCT is submitting a revised version of Plaintiff's proposed Order Granting Final Approval of Class Action Settlement for the Court's consideration.

[Signature block on next page.]

|   |   |   |
|---|---|---|
| | | Respectfully Submitted, |
| Dated: November 20, 2023 | | **SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.** |
| | By: | */s/ Angela S. Cash* <br> Christopher J. Eckhart <br> Angela S. Cash <br> Alaina C. Hawley |
| | | Attorneys for Defendant, <br> JOHN CHRISTNER TRUCKING, LLC |